Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000824
31-OCT-2018
07:57 AM

NO. CAAP-17-0000824

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHANCE WYKES, Defendant-Appellee,
and
LAYTON KANE, Defendant-Appellant

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0000159)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Layton Kane (**Kane**) appeals from the

Judgment of Conviction and Probation Sentence (**Judgment**) entered

on October 26, 2017, in the Circuit Court of the First Circuit

(**Circuit Court**).[1] Following a bench trial, Kane was convicted of

one count of Promoting a Dangerous Drug in the Third Degree, a

---

[1] The Honorable Karen T. Nakasone presided.

violation of Hawaii Revised Statues (**HRS**) § 712-1243 (2014),[2] and sentenced to four years of probation.
a violation of Hawaii Revised Statutes

Kane raises two points of error on appeal, contending that: (1) the Circuit Court erred in admitting Plaintiff-Appellee State of Hawaii's (the **State's**) Exhibit 6 to establish the chain of custody of the heroin that was allegedly in Kane's possession when he was arrested; and (2) evidence of a prior custodial search by a Honolulu Police Department (**HPD**) Officer J. De Leon (**Officer De Leon**) was sufficient to enable a person of reasonable caution to conclude that the ziplock bag containing heroin was not in Kane's possession at the time of his arrest.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kane's points of error as follows:

(1) Kane objected to the admission of Exhibit 6 on the the grounds of authenticity because it was not the original HPD evidence chain of custody record.

Pursuant to Hawai'i Rules of Evidence (**HRE**) Rule 901(a), authentication or identification is a "condition precedent to admissibility" that "is satisfied by evidence sufficient to support a finding that the matter in question is

---

[2]     HRS § 712-1243 states:

> **§ 712-1243  Promoting a dangerous drug in the third degree.**  (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.
>        (2) Promoting a dangerous drug in the third degree is a class C felony.

what its proponent claims."[3] "The most direct method of authenticating an object is through the 'testimony of a witness who has some basis extrinsic to the item itself for asserting its authenticity.'" Kam Fui Trust v. Brandhorst, 77 Hawai'i 320, 326, 884 P.2d 383, 389 (App. 1994) (quoting Commentary to HRE Rule 901). "The crux of the authenticity requirement is whether there is evidence which supports the conclusion that an object is the very thing it purports to be." Id. (internal citation and quotation omitted). "There being no single right or wrong disposition of authentication issues," this court reviews the Circuit Court's ruling for an abuse of discretion. Id.

In this case, HPD Officer Kevin Masuda (**Officer Masuda**) testified that, as an HPD custodian of evidence, he is familiar with the electronic system by which the custody logs are created. He testified that Exhibit 6 appeared to be a true copy of the custody log for Item 5 (the heroin). Officer Masuda testified that the custody log as printed was correct in terms of appearance and that he recognized his signatures on his log entries. He testified that it did not appear that the document

---

[3]     HRE Rule 901 states, in relevant part:

> **Rule 901   Requirement of authentication or identification.**
> (a) General provision.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
> (b) Illustrations.  By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
>     (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.
>     . . . .

had been altered or tampered with in any manner. In addition, both HPD Officer Ashley Hare-Schuler (**Officer Hare-Schuler**) and HPD Criminalist Dawn Nakamura (**Criminalist Nakamura**) testified that they also recognized their signatures on the custody log. We conclude that Officer Masuda's testimony, confirmed as well by Officer Hare-Schuler and Criminologist Nakamura, provides "some basis extrinsic to the item itself for asserting its authenticity." See Kam Fui Trust, 77 Hawaiʻi at 326, 884 P.2d at 389. While the HPD's custody transfer documentation is electronic, meaning that Officer Masuda had not seen this specific printout of the custody log for Item 5 prior to trial, that did not preclude him from providing extrinsic evidence supporting the Circuit Court's determination that Exhibit 6 was authentic. See id.; see also HRE Rules 1001(4) and 1003.

Accordingly, we reject Kane's first point of error.

(2) Kane challenges the sufficiency of the evidence to support his conviction in light of Defendant's Exhibit A, which was the HPD Arrest Report, which was admitted at trial (**Arrest Report**). The Arrest Report includes notations that Kane was subjected to a custodial search by Officer De Leon some time prior to 1:53 p.m. on February 14, 2017, after being arrested by Officer Suaesi Tuimaunei and transported by Officer B. Mamuad. Kane argues that the "[e]vidence of a prior custodial search by Officer De Leon was sufficient to enable a person of reasonable caution to conclude that the ziplock bag was not in [Kane's] possession" at the time of his arrest.

However, Officer Hare-Schuler testified that the Arrest Report was incorrect. Officer Hare-Schuler testified that she transported Kane to the Central Receiving Division at HPD headquarters in Honolulu and that she observed that Kane's first pre-incarceration search was conducted by HPD Officer Keone Prescott, at which time Officer Prescott found in Kane's possession a substance that what was later identified as heroin. The Circuit Court found that Officer Hare-Schuler's testimony was credible. Pursuant to our standard of review in considering a challenge to the sufficiency of the evidence to support a conviction, "we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." State v. Bowman, 137 Hawai'i 398, 405, 375 P.3d 177, 184 (2016) (citation and internal quotation marks omitted); see also Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994) ("[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge." (internal citation and quotation omitted)).

We conclude that there was sufficient evidence to support Kane's conviction.

For these reasons, the Circuit Court's October 26, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2018.

On the briefs:

Walter R. Schoettle,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge